NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3035

DAVID M. JOYCE,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

David M. Joyce, of Oceanside, California, pro se.

Steven M. Mager, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3035

DAVID M. JOYCE,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Petition for review of the Merit Systems Protection Board in SF-0752-08-0197-I-1.

_____

DECIDED:  July 8, 2009

_____

Before MAYER, PROST, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

David M. Joyce appeals the final decision of the Merit Systems Protection Board sustaining his removal from his position as a Customs and Border Protection Officer ("CBPO") with the Department of Homeland Security ("DHS").  <u>See</u> <u>Joyce v. Dep't of Homeland Sec.</u>, No. SF-0752-08-0197-I-1 (Sept. 19, 2008).  We <u>affirm</u>.

Prior to his removal, Joyce worked as a CBPO at the Los Angeles/Long Beach Seaport, and his duties included examining cargo to find contraband, quota violations and marking violations.  Joyce served as a uniformed law enforcement officer with

responsibility for preventing terrorists and weapons of mass destruction from entering the United States. On November 13, 2006, Joyce notified the police department that his 1999 Honda Civic had been stolen. The following day, law enforcement recovered the vehicle, which had been parked on a street in Vista, California. Abelina Perez was arrested at the scene and charged with theft of Joyce's vehicle.

Joyce contacted the San Diego district attorney's office nine days later and attempted to have the charges against Perez dropped. Joyce stated that he had given a set of keys to his car to a friend, Dan Perez, but that he did not know Abelina Perez and "had just found out" that she was Dan Perez's daughter.

Subsequently, however, the district attorney's office determined that Joyce had lied when he stated that he did not know Abelina Perez. Joyce later met with officials from the district attorney's office and confessed that Perez had "been his mistress" for the past three years. Soon thereafter, the district attorney's office notified DHS that Joyce "may have filed a false police report."

On December 10, 2007, DHS removed Joyce from his position. The board sustained the removal, concluding that the agency had proven by a preponderance of the evidence that Joyce had made a false statement to the San Diego district attorney's office when he stated that he did not know Abelina Perez, and that he made this statement with the intent to mislead authorities about the nature of his relationship with Perez. Joyce then timely appealed to this court.

This court's review of a board decision is limited by statute. We must affirm such a decision unless it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, obtained without required procedures, or not supported by

substantial evidence.  5 U.S.C. § 7703(c); Fields v. Dep't of Justice, 452 F.3d 1297, 1301 (Fed. Cir. 2006).

On appeal, Joyce contends that the board's determination that he made a false statement was arbitrary and capricious.  The record, however, is replete with evidence establishing that Joyce made a false statement when he told the district attorney's office that he did not know Abelina Perez.  The official case report that DHS received from the San Diego district attorney's office indicates that Joyce specifically stated that he did not know Perez.  Before the board, Deputy District Attorney Roy Lai confirmed the accuracy of the report.  Indeed, in a March 13, 2007, affidavit, Joyce acknowledged that he had initially told authorities that he did not know Perez.

The board also correctly determined that Joyce made the false statement with an intent to mislead the district attorney's office.  Joyce admitted that he "was embarrassed about the relationship [with Perez] and . . . did not want [the district attorney's office] to know about it."

This court will defer to an agency's choice of penalty unless it is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion."  O'Neill v. Dep't of Housing & Urban Dev., 220 F.3d 1354, 1365 (Fed. Cir. 2000) (citations and internal quotation marks omitted).  As the board correctly determined, Joyce's "misconduct was intentional and serious, particularly given [his] position of trust as a law enforcement officer and the fact that he made the false statement to other . . . law enforcement officials."  His misconduct caused the agency to lose confidence in his ability to perform his duties in a responsible and trustworthy

manner.  Under such circumstances, the board did not err in sustaining the agency's decision to remove Joyce from his position.